UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No: 4:21-CV-10065-JEM/BECERRA

PATRICK COMACK,

     Plaintiff,

v.

KILOLO KIJAKAZI, Acting
Commissioner for Social Security[1],

     Defendant.

_____/

### OMNIBUS REPORT AND RECOMMENDATION[2]

**THIS CAUSE** came before the Court on various pending matters arising from Plaintiff's action seeking review of a decision of the Commissioner of the Social Security Administration.  It is hereby **RECOMMENDED** that the pending motions be adjudicated as set forth herein, and that Plaintiff's Complaint, ECF No. [1], be **DISMISSED WITHOUT PREJUDICE**.

### I.     BACKGROUND

Plaintiff filed his Complaint on July 7, 2021, seeking this Court's review of a decision of the Commissioner of the Social Security Administration with respect to Plaintiff's petition for social security benefits.  ECF No. [1].  On September 28, 2021, Defendant filed a Notice of Insufficient Service of Process, ECF No. [8], stating that service had not been effected, and noting

---

[1] Although the case style originally listed Andrew Saul as Defendant, Kilolo Kijakazi is now the Commissioner of Social Security and is automatically substituted as Defendant pursuant to Federal Rule of Civil Procedure 25(d).

[2] On July 7, 2021, this matter was referred to the undersigned for all pre-trial, non-dispositive matters, and for a Report and Recommendation on any dispositive matters.  ECF No. [2].

that it would move to dismiss the complaint if service was not made by the ninety-day deadline. *Id.* at 3.

Plaintiff then filed a Request for Entry of Default and Affidavit in Support Thereof, seeking entry of default and alleging that Defendant was served on July 12, 2021 by sending the Complaint and summons to the Social Security Regional Chief Counsel in Atlanta, that ninety days had elapsed since service, and that Defendant had failed to file an answer. ECF No. [9]. The Clerk of Court then entered a Clerk's Entry of Non-Default, as a responsive pleading had not been filed. ECF No. [10]. On October 18, 2021, Defendant filed a Motion to Dismiss for Insufficient Service of Process (the "Motion to Dismiss for Service"). ECF No. [11]. Defendant notes that "[n]o other proof of service has been filed in this matter for any other entity other than the SSA Regional Chief Counsel." *Id.* at 2. Defendant contends that Plaintiff's Complaint should be dismissed because Plaintiff failed to satisfy the requirements to properly effectuate service under Federal Rule of Civil Procedure 4. *Id.* at 2–4.

On October 19, 2021, Plaintiff filed a Motion for Default Judgment and Response to Defendant's Notice of Insufficient Service of Process and Motion to Dismiss (the "Motion for Default"), maintaining that service was effectuated "according to the defendant's own service of process instructions to plaintiffs." ECF No. [12] at 2. Plaintiff also filed a Motion for Preliminary Injunction on October 19, 2021. ECF No. [15].[3] Therein, Plaintiff reiterates arguments asserted in his other briefings and also claims that the "Miami SSA office . . . and its Administrative Law Judge . . . forged and tampered with Comack's wage evidence . . . and [the ALJ] used this forged evidence in her remand decision." *Id.* at 1. Plaintiff moves for a preliminary injunction, pursuant to Federal Rule of Civil Procedure 65, to preclude the ALJ "and anyone at the corrupt Miami SSA

---

[3] Plaintiff submitted exhibits in support of his Motion for Preliminary Injunction. ECF No. [18].

2

office from holding another hearing of this case until the Court has exhausted its rulings on this case." *Id.* at 3. Plaintiff also requests a temporary injunction "to defend the brain-damaged Comack from the constitutional due process violations committed by the Commissioner and his staff." *Id.* at 3 (citing *Mathews v. Eldridge*, 424 U.S. 319 (1976)).

On November 2, 2022, Defendant filed a Motion to Dismiss Plaintiff's Complaint for Lack of Subject Matter Jurisdiction (the "Motion to Dismiss for Lack of Subject Matter Jurisdiction"). ECF No. [19]. Therein, Defendant brings a factual challenge to subject matter jurisdiction and argues that, because the SSA Appeals Council remanded to the ALJ for a new decision, Plaintiff has not exhausted his administrative remedies, pursuant to 42 U.S.C. § 405(g), and thus cannot meet his burden to show subject matter jurisdiction. *Id.* at 7–9. Specifically, Defendant argues that the SSA Appeals Council vacated and remanded the ALJ's December 2020 decision and the proceedings remained pending at the time that Plaintiff filed his Complaint. *Id.* at 2. Defendant also notes that Plaintiff's case was not remanded to "any specific ALJ." *Id.* Accordingly, Defendant contends that Plaintiff has not received a "final decision" ripe for this Court's review. *Id.* at 7. Although Defendant acknowledges that there is an exception to the requirement that a plaintiff exhaust administrative remedies, Defendant argues that this is not such a case because "Plaintiff's claims arise directly from the Commissioner's handling of his benefits applications under the Social Security Act." *Id.* at 10.

On November 2, 2021, Defendant filed a Combined Opposition to Plaintiff's Motions for Default Judgment and Preliminary Injunction and Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss for Insufficient Service of Process. ECF No. [20]. Therein, Defendant notes that Plaintiff fails to provide authority in support of his argument that the SSA's instructions on how and where to mail a Complaint to the SSA excuse his failure to comply with Rule 4. *Id.* at 6.

Additionally, Defendant argues that Plaintiff has not and cannot demonstrate the necessary factors for a preliminary injunction, as the Court cannot reach the merits of Plaintiff's claims or evaluate whether Plaintiff's claims enjoy a substantial likelihood of success.  *Id.* at 10–11.   Further, Defendant argues that this Court does not cannot issue an injunction directing the SSA to pay a claimant's benefits or halt SSA administrative proceedings.  *Id.* at 10 (citing *Albra v. Colvin*, No. 17-60569-CIV, 2017 WL 6947428, at *1 (S.D. Fla. May 23, 2017)).

On November 17, 2021, Plaintiff filed his Response to Defendant's Motion to Dismiss for Lack of Jurisdiction.  ECF No. [21].  Therein, Plaintiff maintains his prior arguments of corruption and also asserts that jurisdiction is proper under 42 U.S.C § 1383(c)(3) or 28 U.S.C § 1331. *Id.* at 1, 6.  In response to the Government's argument that the Court lacks subject matter jurisdiction, Plaintiff argues that exhaustion is "not required in 405(g) when the Commissioner's administrative review process includes criminal irregularities and violates the claimant's constitutional right to due process." *Id.* at 3 (citing *Mathews v. Eldridge*, 424 U.S. 319 (1976); *Bowen v. City of New York*, 476 U.S. 467 (1986)).

On November 22, 2021, Defendant filed a Reply to Plaintiff's Response to Defendant's Motion to Dismiss for Lack of Jurisdiction.  ECF No. [24].  Defendant contends that Plaintiff's arguments are merely speculative and in any event, Plaintiff may raise his concerns in the normal course of his administrative hearing.  *Id.* at 2–3.  Defendant contends Plaintiff fails to advance a "colorable constitutional" claim that warrants waiver of the exhaustion requirement.  *Id.* at 4–5.

On December 15, 2021, Plaintiff filed a Motion to Unrestrict Pacer Access and Audit Page Count of Plaintiff Filings (the "PACER Motion").  ECF No. [28].  Plaintiff states he "is restricted to only remote electronic access to the docket maintained by the Court" but he "does not have remote electronic access to other parts of the case file or the administrative record" which he has

4

the right to under Federal Rule of Civil Procedure 5.2(c).  *Id.* at 2.  Plaintiff reiterates his allegations

of corruption and requests that the Court "investigate, terminate and even prosecute" the Clerk of

the Court and that the Court "audit [all of] the filings he has made to [the Clerk of Court] in order

to verify that these filings were uploaded intact with every page accounted for."  *Id.* at 2–3.

## II.   ANALYSIS

The undersigned makes the following recommendation as to the pending motions.

### A.   This Court Lacks Jurisdiction Because Plaintiff Has Not Effectuated Service on Defendant.

"Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person

of a defendant when that defendant has not been served."  *Doe v. Neverson*, No. 20-CV-20016-

UU, 2021 WL 8775729, at *1 (S.D. Fla. Mar. 10, 2021) (quoting *Pardazi v. Cullman Med. Ctr.*,

896 F.2d 1313, 1317 (11th Cir. 1990)).  A "plaintiff is responsible for completing proper service

on a defendant . . . within the time allowed under Rule 4(m)" and "'[i]f a defendant is not served

within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice

against that defendant or order that service be made within a specified time.'"  *Ryzhov v. Florida*,

861 Fed. App'x. 301, 303–04 (11th Cir. 2021) (quoting Fed. R. Civ. P. 4(m)).  Moreover, a

"[p]laintiff's pro se status and misunderstanding of the procedural rules alone are insufficient to

establish good cause" to excuse improper service.  *Id.* at 304 (citing *Albra v. Advan, Inc.*, 490 F.3d

826, 829 (11th Cir. 2007); *Lepone-Dempsey v. Carroll Cnty. Com'rs*, 476 F.3d 1277, 1281 (11th

Cir. 2007)).

The SSA is a United States agency, and therefore must be served in compliance with

Federal Rule of Civil Procedure 4(i):

> a party must serve the United States and also send a copy of the
> summons and of the complaint by registered or certified mail to the
> agency, corporation, officer, or employee." Fed. R. Civ. P. 4(i)(2).
> Thus, a party must effectuate service in two respects: (1) upon the

> agency itself; and (2) upon the United States.  *See id.*  To serve the United States, a party must take several steps.  *See* Fed. R. Civ. P. 4(i)(1).  Under Rule 4, a party must first: (i) "deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office[.]  Fed. R. Civ. P. 4(i)(1)(A)(i). Next, the party is also required to "send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C."  Fed. R. Civ. P. 4(i)(1)(B).

*Ferguson v. Soc. Sec. Admin.*, No. 14-CV-62923, 2015 WL 13683649, at *1–2 (S.D. Fla. May 21, 2015).

Here, after filing his Complaint on July 7, 2021, Plaintiff attempted to effectuate service on July 12, 2021 "by mailing his Complaint by certified mail to the SSA's Office of the Regional Chief Counsel in Atlanta, GA."  *See* ECF No. [11] at 3; *see also* ECF No. [5].  However, to properly effectuate service under Rule 4, Plaintiff was required to serve the United States Attorney for the Southern District of Florida and the United States Attorney General.  *See* Fed. R. Civ. P. 4(i)(1)(A); Fed. R. Civ. P. 4(i)(1)(B).  When a plaintiff fails to serve a defendant within ninety days after the complaint is filed, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  Fed. R. Civ. P. 4(m).  Here, the ninety-day deadline for Plaintiff to effectuate proper service upon Defendant was October 5, 2021.  Plaintiff's failure to properly effectuate service on Defendant by this date warrants dismissal of the Complaint without prejudice, particularly considering the notice Plaintiff received that his attempt at service was deficient.

Accordingly, the undersigned **RECOMMENDS** that Defendant's Motion to Dismiss for Service, ECF No. [11], be **GRANTED** and that Plaintiff's Complaint be **DISMISSED WITHOUT PREJUDICE** for insufficient service of process.  *See Ryzhov*, 861 Fed. App'x. at

305 (finding no error in district court's dismissal without prejudice under Rule 4(m) where plaintiff failed to properly effectuate service, particularly considering that the court had entered an "order directing service and warning expressly about the consequences for failing to do so"); *Idumwonyi v. Convergys*, 611 Fed. App'x. 667 (11th Cir. 2015) (affirming district court's dismissal without prejudice where plaintiff "has not shown good cause for failing to serve the defendants within the time allowed by Fed. R. Civ. P. 4(m), and no other circumstances warrant an extension of time"). Accordingly, the undersigned also **RECOMMENDS** that Plaintiff's Motion for Default, ECF No. [12], be **DENIED AS MOOT**. Although the ruling on this motion effectively moots the remaining, the undersigned will nevertheless address the remaining motions for consideration by the District Court.

> **B.      This Court Lacks Subject Matter Jurisdiction Because Plaintiff Has Not Exhausted Administrative Remedies.**

Under Section 405(g), judicial review is permitted of "any final decision of the Commissioner of Social Security made after a hearing." 42 U.S.C. § 405(g). "This provision, according to the Supreme Court, 'contains two separate elements: first, a jurisdictional requirement that claims be presented to the agency, and second, a waivable requirement that the administrative remedies prescribed by the Secretary be exhausted.'" *Wilson v. Comm'r of Soc. Sec.*, No. 21-10278, 2021 WL 3878252, at *2 (11th Cir. Aug. 31, 2021) (quoting *Smith v. Berryhill*, 139 S. Ct. 1765, 1773–74 (2019)). Accordingly, "judicial review only follows after a plaintiff has undertaken efforts to exhaust all avenues of administrative review. The administrative review process includes: (1) the initial determination; (2) a request for reconsideration; (3) a hearing before an ALJ; and (4) Appeals Council review." *Pineda v. Soc. Sec.*, No. 1:22-CV-20988-KMM, 2022 WL 2079219, at *2 (S.D. Fla. May 25, 2022), *report and recommendation adopted sub nom. FERNANDO PINEDA, Plaintiff, v. SOCIAL SECURITY, Defendant.*, No. 1:22-CV-20988-KMM,

2022 WL 2073647 (S.D. Fla. June 9, 2022) (citing 20 C.F.R. § 405.1(b)).  A plaintiff must exhaust these administrative remedies in order for a federal court to have subject matter jurisdiction, unless exhaustion is waived.  *Fletcher v. Astrue*, No. 11-24398-CIV, 2012 WL 13129969, at *5 (S.D. Fla. June 25, 2012) (citing *Crayton v. Callahan*, 120 F.3d 1217, 1220 (11th Cir. 1997)).  In determining whether a waiver applies in the Eleventh Circuit, the court must consider: (1) whether the issues are "entirely collateral to the claim for benefits;" (2) whether failure to waive would cause irreparable injury; and (3) whether exhaustion would be futile.  *Crayton*, 120 F.3d at 1220 (citing *Bowen v. City of New York*, 476 U.S. 467, 483 (1986)).

Because the Commissioner has not waived exhaustion here, "Plaintiff must show that [h]e proceeded through all four steps of the administrative review process before the Court may find that it has subject matter jurisdiction over the matter."  *See Fletcher*, 2012 WL 13129969, at *5. Plaintiff appealed the decision of the ALJ, the Appeals Council remanded his case, and his case remains pending.  Accordingly, a final decision has not been issued and Plaintiff has not proceeded through each step of the administrative review process.

Moreover,  Plaintiff does not raise any collateral issues, since his claims stem directly from Plaintiff's claim for benefits.  Any collateral claims of constitutional violations of corruption in the Court are mere bald assertions.  Plaintiff also fails to show that exhaustion would be impractical or futile.  Accordingly, this Court lacks jurisdiction to review Plaintiff's claims.  *See Bey v. Saul*, No. 20-61216, 2021 WL 1427800, at *1 (S.D. Fla. Apr. 15, 2021) ("Plaintiff may not seek judicial review because he did not exhaust his administrative remedies by completing the administrative appeal process and therefore has not received a final decision on the merits of his case after a hearing" and "the Amended Complaint does not allege facts demonstrating exceptional circumstances for waiver of the exhaustion requirement.").  Thus, the Court **RECOMMENDS**

that Plaintiff's Complaint, ECF No. [1], be **DISMISSED WITHOUT PREJUDICE**.   Once Plaintiff receives a final decision from the SSA as to his disability claim, such that he has exhausted his administrative remedies, he may raise issues with that decision.

Similarly, Plaintiff cannot establish that he is entitled to a preliminary injunction because he cannot establish likelihood of success on the merits, in light of the recommended dismissal. Indeed, to prevail on a preliminary injunction, a plaintiff must show they: (1) are substantially likely to succeed on the merits; (2) will suffer irreparable injury absent an injunction; (3) the threat of such injury outweighs the potential harm to the opposing party; and (4) the injunction would not adversely impact the public interest. *Bloedorn v. Grube*, 631 F.3d 1218, 1229 (11th Cir. 2011) (citing *Am. Civil Liberties Union of Fla., Inc. v. Miami–Dade Cnty. Sch. Bd.*, 557 F.3d 1177, 1198 (11th Cir.2009)).  Indeed, because Plaintiff "is unable to show a substantial likelihood of success on the merits, [the Court] need not consider the other requirements." *Id.* (citing *Pittman v. Cole*, 267 F.3d 1269, 1292 (11th Cir.2001)).  Accordingly, the Court **RECOMMENDS** that Plaintiff's Motion for Preliminary Injunction, ECF No. [15], be **DENIED AS MOOT.**

### C.    Plaintiff Already Has PACER Access.

Finally, as to Plaintiff's PACER Motion, despite Plaintiff's assertion that he "is restricted to only remote electronic access to the docket maintained by the Court, and an opinion, order, judgment or other disposition of the Court," ECF No. [28] at 2, Plaintiff already is permitted access to PACER.  *See Yormak v. Yormak*, No. 2:14-CV-33-FTM-29CM, 2014 WL 12634275, at *1 (M.D. Fla. Nov. 3, 2014) ("The Court notes that any member of the public has the ability to access electronic records of the federal courts by registering online with PACER.  If plaintiff wishes to have electronic access to the docket, he may do so regardless of the ability to electronically file documents."); s*ee also Dingler v. Shelby County Prob. Court Clerk*, No. 220CV02436JTFTMP,

9

2020 WL 7335017, at *2 (W.D. Tenn. Dec. 14, 2020) (citations omitted) ("Plaintiff filed two motions seeking access to the electronic case docket and filings via the Court's online system.  The Chief Magistrate Judge denied these motions as moot because Plaintiff already possessed the ability to access the online case docket by setting up a personal account through the Public Access to Court Electronic Records ('PACER') system.").  Further, as to Plaintiff's bald allegations of corruption, including that the "restriction on PACER could be another example of due process irregularities, interference, corruption and discrimination," ECF No. [28] at 2, Plaintiff sets forth no factual basis for this allegation and fails to plausibly allege that the Clerk of the Court is engaged in corruption.  Accordingly, Plaintiff's PACER Motion is hereby **DENIED AS MOOT**.

## III.   RECOMMENDATION

For the reasons stated above, the undersigned hereby **RECOMMENDS** that Defendant's Motion to Dismiss for Service, ECF No. [11], and/or Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction, ECF No. [19], be **GRANTED**; that Plaintiff's Complaint, ECF No. [1], be **DISMISSED WITHOUT PREJUDICE**; and that Plaintiff's Motion for Default, ECF No. [12], and Motion for Preliminary Injunction, ECF No. [15], be **DENIED AS MOOT**.

## IV.   OBJECTIONS

A party shall serve and file written objections, if any, to this Report and Recommendation with the United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation.  Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this Recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions."  11th Cir. R. 3-1 (2016); 28

U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

   **DONE AND ORDERED** in Chambers in Miami, Florida on July 27, 2022.

_____

**JACQUELINE BECERRA**
**UNITED STATES MAGISTRATE JUDGE**